


# United States Department of the Interior

FISH AND WILDLIFE SERVICE

5275 Leesburg Pike
MS-ES
Falls Church, Virginia 22041

In Reply Refer To:
FWS/AES/DCC/BCPS/082255

Brian Yablonski
Chief Executive Officer
Property and Environment Research Center
2048 Analysis Dr. Suite A
Bozeman, Montana 59718
Reply to:  jonathan@perc.org

Blake Henning
Chief Conservation Officer
Rocky Mountain Elk Foundation
5705 Grant Creek
Missoula, Montana 59808
Reply to:  nstone@rmef.org


Dear Brian Yablonski and Blake Henning:

This letter acknowledges receipt of your letter dated December 10, 2024, which we received by email on December 10, 2024, providing notice of the Property and Environmental Research Center's and the Rocky Mountain Elk Foundation's intent to sue the U.S. Fish and Wildlife Service (Service).  Your letter asserts that the Service violated the Endangered Species Act (Act) and the Administrative Procedures Act (APA) in promulgating revisions to our implementing regulations for Section 4(d) of the Act.

On April 5, 2024, the Service finalized regulation revisions that, among other things, reinstated the "blanket rule" option for protecting newly-listed threatened species pursuant to section 4(d) of the Act (50 CFR 17.31(a) and 17.71(a)), with the continued option to promulgate species-specific section 4(d) rules (89 FR 23919).  Included in the regulation revisions were the addition of federally recognized Tribes to the entities authorized to aid or salvage threatened species (50 CFR 17.31(b) and 17.71(b)(1)), updates to the endangered plant regulatory protections to mirror existing protections at section 9(a)(2)(B) of the Act (50 CFR 17.61(c)(1)), and the clarification that state conservation agencies have the authority to "take" threatened species when carrying out conservation programs unless a species-specific 4(d) rule specifically prohibits that take (50 CFR 17.31(c) and 17.71(c)).  Finally, we made minor changes to clarify or correct the regulations throughout 50 CFR Part 17 for endangered species and threatened species, but these minor changes did not alter the substance or scope of the regulations.

Your letter alleges the Service does not have authority to issue a blanket rule that "revers[es] Congress' decision to encourage species recovery by regulating endangered and threatened species differently." Your letter also asserts that the Service's reasons for adopting the blanket rule are "inconsistent with section 4(d)'s 'necessary and advisable' standard." Lastly, your letter alleges the Service's adoption of the blanket rule was arbitrary and capricious.

As explained in detail in our proposed and final rules, the Service has the authority to issue these revisions and satisfied the statutory standards in doing so. We have appropriately addressed the issues raised in your letter, and our revisions to the regulations comply with the Act and the APA.

Thank you for your interest in fish, wildlife, and plant conservation under the Endangered Species Act. Should you have any questions, please contact John Tirpak at (601) 630-7010 or john_tirpak@fws.gov.

Sincerely,

Gina Shultz
Deputy Assistant Director for
Ecological Services