IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROCKY MOUNTAIN ELK FOUNDATION and PROPERTY AND ENVIRONMENTAL RESEARCH CENTER,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF THE INTERIOR and U.S. FISH AND WILDLIFE SERVICE,<br><br>Defendants,<br><br>and<br><br>DEFENDERS OF WILDLIFE and CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Defendant-Intervenors. | CV 25–29–BU–DWM<br><br>ORDER |

On March 10, 2025, Plaintiffs Rocky Mountain Elk Foundation and Property and Environmental Research Center sued to challenge the United States Fish and Wildlife Service's promulgation of a "blanket rule" extending the protections for "endangered" species under the Endangered Species Act ("ESA") to "threatened" species. (Doc. 1); 89 Fed. Reg. 23919 (Apr. 5, 2024) (the "Blanket Rule"). The environmental organizations Defenders of Wildlife and Center for Biological

1

Diversity (collectively, "Applicants") have both filed motions to intervene as defendants as a matter of right in this action pursuant to Federal Rule of Civil Procedure 24(a) or, in the alternative, to intervene at the Court's discretion pursuant to Rule 24(b). (Docs. 4, 10.) The existing parties do not oppose the motions. (Docs. 13, 14, 16.) A case management plan is due by July 15, 2025. (Doc. 22.)

Intervention as of right under Rule 24(a) is appropriate when the party seeking to intervene demonstrates the following: (1) the application is timely; (2) the applicant has a significant protectable interest relating to the subject of the action; (3) the applicant's ability to protect its interest may be impaired or impeded by the disposition of the action; and (4) the existing parties may not adequately represent the applicant's interest. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Id.* The review of an application to intervene "is guided primarily by practical considerations, not technical distinctions." *Id.* (quotation marks omitted). The practical considerations of this case indicate that intervention as a matter of right is appropriate.

On the first factor, timeliness, considerations include: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *W. Watersheds Project v. Haaland*, 22 F.4th 828, 836 (9th Cir. 2022) (quotation marks omitted). Here, the motions to intervene are timely. No substantive developments have occurred in the case, and a briefing schedule has not yet been set.

On the second factor, a proposed intervenor must demonstrate that its asserted interest is "protectable under some law" and that "there is a relationship between the legally protected interest and the claims at issue." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (quotation marks omitted). Courts have recognized that "[a] public interest group is entitled as a matter of right to intervene in an action challenging the legality of a measure it has supported." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). Defenders of Wildlife asserts an interest in "[p]rotecting endangered and threatened species" that it describes as "central" to its mission. (Doc. 5 at 14.) While an alleged loss of a general interest in protecting wildlife likely falls short of the requisite cognizable interest, Defenders of Wildlife has indicated that it invested significant resources in defending the Blanket Rule and has consistently used the Blanket Rule in filing listing petitions or submitting comments to pending decisions. (*See id.* at 15–16.) Likewise, the Center for Biological Diversity has

3

identified that as part of its effort to conserve wildlife, it "works to enact, strengthen, and enforce the ESA, its regulations, its guidelines, and the species-specific decision that protect endangered and threatened species." (Doc. 11 at 17.) It also regularly submits petitions for listing and brought litigation to defend the Blanket Rule and enforce the government's environmental statutory obligations. (*Id.* at 17–19.)

On the third factor, the disposition of the action may impair or impede both entities' ability to protect their asserted interests. In determining whether the action would impair an applicant's interests, courts look to the relief requested. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). Here, Plaintiffs seek to vacate the Blanket Rule. (*See* Doc. 1.) If that occurs, organizations such as the Applicants will be required to pursue species-specific protections for every species listed as threatened, delaying and diminishing their ability to obtain ESA protection for imperiled species.

Finally, "[t]he burden of showing inadequacy of representation is minimal and satisfied if the applicant can demonstrate that representation of its interests may be inadequate." *W. Watersheds Project*, 22 F.4th at 840 (quotation marks omitted). In determining the adequacy of existing representation, courts consider: "(1) whether the interest of the present party is such that it will undoubtedly make all of the intervenor's arguments; (2) whether the present party is capable and

4

willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (internal quotation marks omitted). "There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents, which must be rebutted with a compelling showing." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (internal quotation marks omitted). Here, Applicants persuasively argue that, given a change in administration, there is a good chance that Federal Defendants will not defend the Blanket Rule. Indeed, the prior version of the Rule was rescinded under the first Trump Administration, *see* 84 Fed. Reg. 44753 (Aug. 27, 2019), and the current Administration has already indicated an intent to prepare an action plan to do so again, *see* Secretary of Interior, Order No. 3418, Subject: Unleashing American Energy, at 3 (February 3, 2025). While Federal Defendants have answered, (*see* Doc. 16), it remains unclear what their litigation position will be. And, even if Federal Defendants defend the Blanket Rule, Applicants' interests and arguments are not entirely concomitant with the agencies. Accordingly, Applicants satisfy the final criterion under Rule 24(a) and are permitted to intervene as of right.

Accordingly, IT IS ORDERED that Applicants' motions (Docs. 4, 10) are GRANTED. Their proposed answers must be promptly refiled in the case.

5

Intervenors must participate in drafting the parties' proposed case management plan, (*see* Doc. 22), with the understanding that their briefing may not be duplicative of the Federal Defendants.

IT IS FURTHER ORDERED that the caption shall be amended as reflected above.

DATED this 16th day of June, 2025.

*[signature]*
Donald W. Molloy, District Judge
United States District Court