Kristine M. Akland
Center for Biological Diversity
317 E. Spruce St.
Missoula, MT 59802
(406) 544-9863
kakland@biologicaldiversity.org

Lia Comerford (*Pro hac vice* forthcoming)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
(971) 717-6420
lcomerford@biologicaldiversity.org

*Additional Attorney on Signature Page*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| ROCKY MOUNTAIN ELK FOUNDATION and PROPERTY AND ENVIRONMENTAL RESEARCH CENTER,<br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF THE INTERIOR and U.S. FISH AND WILDLIFE SERVICE,<br>Defendants,<br><br>and<br><br>DEFENDERS OF WILDLIFE and CENTER FOR BIOLOGICAL DIVERSITY,<br>Defendant-Intervenors. | CV 25–29–BU–DWM<br><br>CENTER FOR BIOLOGICAL DIVERSITY'S ANSWER IN INTERVENTION |

Defendant-Intervenor Center for Biological Diversity ("Center"), through counsel, answers the Complaint filed in this action on March 10, 2025, ECF No. 1. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. The Center denies each allegation in the Complaint that is not specifically admitted, answered, or otherwise responded to in this Answer.

1. The allegations in paragraph 1 purport to characterize the Endangered Species Act ("ESA") and U.S. Fish and Wildlife Service's ("Service") publication, *ESA Basics: 50 Years of Conserving Endangered Species*, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the ESA's plain language and meaning are denied.

2. The allegations in paragraph 2 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

3. The allegations in paragraph 3 purport to characterize the cited Federal Register publication, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

4. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 4 and therefore denies.

5. The Center admits the first clause of the first sentence of paragraph 5. The allegations in the remainder of the paragraph purport to characterize the cited

federal document ("Blanket Rule"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

6. The allegations in paragraph six purport to characterize the Blanket Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

7. The allegations in the first, fourth, and fifth sentences of paragraph 7 constitute conclusions of law, to which no response is required. The remaining allegations in paragraph 7 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

8. The allegations in the first, second, third, fourth, and sixth sentences of paragraph 8 constitute conclusions of law, which require no response. The allegations in the fifth sentence purport to characterize the Blanket Rule, which speaks for itself and is the best evidence of its contents. Allegations contrary to its plain language and meaning are denied.

9. The allegations in the first, second, and fifth sentences of paragraph 9 constitute conclusions of law, to which no response is required. The allegations in the third and fourth sentences purport to characterize the Blanket Rule and the cited comment letter, which speak for themselves and are the best evidence of their

contents. Allegations contrary to the Blanket Rule's plain language and meaning are denied.

10. The allegations in the first sentence of paragraph 10 constitute Plaintiffs' characterization of their lawsuit, to which no response is required. The remaining allegations constitute conclusions of law which require no response. The cited statutes speak for themselves and are the best evidence of their contents. Allegations contrary to their plain language and meaning are denied.

11. The allegations in clause 1 of sentence 1 and the entirety of sentence 2 purport to characterize Attachments 1 and 2, which speak for themselves and are the best evidence of their contents. The second clause of sentence 1 is a conclusion of law which requires no response.

12. The first clause of the first sentence in paragraph 12 is a conclusion of law which requires no response. The Center lacks knowledge or information sufficient to form a belief regarding the remaining allegations and therefore denies.

13. The Center admits the allegation in the first clause of the first sentence of paragraph 13 that the Blanket Rule is a nationwide regulation. The second clause of the first sentence and the first clause of the second sentence are conclusions of law which require no response. The allegation in the second sentence that the Service is engaged in any "violations" is also a conclusion of law which requires no response. The Center lacks knowledge or information sufficient to form a belief regarding the

remaining allegations and therefore denies.

14. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 14 and therefore denies.

15. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 15 and therefore denies.

16. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 16 and therefore denies.

17. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 17 and therefore denies.

18. The third sentence of paragraph 18 purports to characterize the Blanket Rule and the cited listing decision, which speak for themselves and are the best evidence of their contents. Allegations contrary to their plain language and meaning are denied. The Center lacks knowledge or information sufficient to form a belief regarding the remaining allegations and therefore denies.

19. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 19 and therefore denies.

20. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 20 and therefore denies.

21. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 21 and therefore denies.

22. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 22 and therefore denies.

23. The allegations in paragraph 23 constitute conclusions of law which require no response.

24. The allegations in paragraph 24 constitute conclusions of law which require no response.

25. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 25 and therefore denies.

26. The allegations in the first sentence of paragraph 26 are vague and conclusory and the Center denies them on these grounds. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in the second sentence and therefore denies.

27. The first clause of the first sentence and the first clause of the third sentence purport to characterize the cited federal register documents, which speak for themselves and are the best evidence of their contents. Allegations contrary to their plain meaning and language are denied. The Center lacks knowledge or information sufficient to form a belief regarding the remaining allegations and therefore denies.

28. The allegations in paragraph 28 purported to characterize the cited regulation and federal register document, which speak for themselves and are the

best evidence of their contents. Allegations contrary to their plain meaning and language are denied.

29. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in the first and second sentences paragraph 29 and therefore denies. The allegations in the third sentence constitute conclusions of law which require no response.

30. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in the first sentence and the first clause of the second sentence of paragraph 30 and therefore denies. The remaining allegations in the second and third sentences purport to characterize the cited regulation, which speaks for itself and is the best evidence of its contents. Allegations contrary to its plain meaning and language are denied. The allegations in the fourth sentence constitute conclusions of law which require no response.

31. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in the first and second sentences of paragraph 31 and therefore denies. The allegations in the third sentence constitute conclusions of law which require no response.

32. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in the first, second, and fifth sentences of paragraph 32 and therefore denies. The allegations in the third sentence purport to characterize the

cited petition, which speaks for itself and is the best evidence of its contents. The allegations in the fourth sentence are conclusions of law which require no response.

33. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in the first and third sentences of paragraph 33 and therefore denies. The allegations in the second, fifth, and sixth sentences are vague and conclusory and the Center denies them on these grounds. The allegations in the fourth sentence purport to characterize the cited law review article, which speaks for itself and is the best evidence of its contents.

34. Admit.

35. Admit.

36. The allegations in paragraph 36 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

37. The allegations in paragraph 37 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

38. The allegations in paragraph 38 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

39. The allegations in paragraph 39 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

40. The allegations in paragraph 40 purport to characterize the APA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

41. The allegations in paragraph 41 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

42. The allegations in paragraph 41 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

43. Admit.

44. The allegations in paragraph 44 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

45. The allegations in paragraph 45 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

46. The Center lacks knowledge or information sufficient to form a belief

regarding the allegations in the first sentence of paragraph 46 and therefore denies. The remaining allegations purport to characterize the cited legislative history, which speaks for itself and is the best evidence of its contents.

47. The allegations in paragraph 47 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

48. The allegations in paragraph 48 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

49. The allegations in paragraph 49 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

50. The allegations in paragraph 50 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

51. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in the first sentence of paragraph 51 and therefore denies. The remaining allegations purport to characterize the two cited compilations of legislative history, which speak for themselves and are the best evidence of their contents.

52. The allegations in paragraph 52 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

53. The allegations in paragraph 53 are vague and conclusory and the Center denies them on these grounds. The Center also lacks knowledge or information sufficient to form a belief regarding these allegations and therefore denies on those grounds as well.

54. The allegations in paragraph 54 are vague and conclusory and the Center denies them on these grounds. The Center also lacks knowledge or information sufficient to form a belief regarding these allegations and therefore denies on those grounds as well.

55. The allegations in paragraph 55 are vague and conclusory and the Center denies them on these grounds. The Center also lacks knowledge or information sufficient to form a belief regarding these allegations and therefore denies on those grounds as well.

56. The allegations in paragraph 56 purport to characterize the cited federal register document and the Blanket Rule, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the documents' plain language and meaning are denied.

57. The allegations in paragraph 57 purport to characterize the cited

regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the regulations' plain language and meaning are denied.

58. The allegations in the first sentence of paragraph 58 purport to characterize the Blanket Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Blanket Rule's plain language and meaning are denied. The Center lacks knowledge or information sufficient to form a belief regarding the allegations describing private landowners' and entities' perspectives in the second sentence and therefore denies on those grounds. The allegations in the third sentence are also vague and conclusory and the Center denies them on these grounds as well.

59. The allegations in the first and second sentences of paragraph 59 are vague and conclusory and the Center denies them on these grounds. The Center lacks knowledge or information sufficient to form a belief regarding these allegations and therefore denies on those grounds as well. The remaining allegations purport to characterize the cited federal register documents, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the documents' plain language and meaning are denied.

60. The allegations in paragraph 60 purport to characterize the cited regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the regulations' plain language and meaning are denied.

61. The allegations in the first sentence of paragraph 61 are vague and conclusory and the Center denies them on these grounds. The allegations in the second sentence purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary the document's plain language and meaning are denied.

62. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 62 of how the Service analyzes regulations and therefore denies. The remaining allegations purport to characterize the cited federal register documents, which speak for themselves and are the best evidence of their contents. Any allegations contrary the documents' plain language and meaning are denied.

63. The allegations in the first sentence of paragraph 63 are vague and conclusory and the Center denies them on these grounds. The allegations in the second and fourth sentences purport to characterize the cited documents, which speaks for themselves and are the best evidence of its contents. Any allegations contrary the documents' plain language and meaning are denied. The allegations in the third sentence are vague and conclusory and the Center denies them on these grounds.

64. The allegations in paragraph 64 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents.

Any allegations contrary to the document's plain language and meaning are denied.

65. The allegations in paragraph 65 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plain language and meaning are denied.

66. The allegations in paragraph 66 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plain language and meaning are denied.

67. The Center lacks information or knowledge sufficient to form a belief regarding the allegations in the first sentence of paragraph 67 and therefore denies them. The allegations in the second sentence purport to characterize the cited comment, which speaks for itself and is the best evidence of its contents.

68. The allegations in paragraph 68 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plain language and meaning are denied.

69. The Center lacks information or knowledge sufficient to form a belief regarding the allegations in the first sentence of paragraph 69 and therefore denies them.

70. The allegations in the first sentence of paragraph 70 are vague and conclusory and the Center denies them on these grounds. The allegations in the second sentence purport to characterize the cited federal register document, which

speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plaining language and meaning are denied.

71. The allegations in paragraph 71 are vague and conclusory and the Center denies them on these grounds. The allegations in the second sentence purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plaining language and meaning are denied.

72. The allegations in paragraph 72 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plaining language and meaning are denied.

73. The allegations in paragraph 73 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plaining language and meaning are denied.

74. The Center lacks information or knowledge sufficient to form a belief regarding the allegations in paragraph 74 and therefore denies them.

75. The allegations in paragraph 75 purport to characterize the cited comment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the comment's plaining language and meaning are denied.

76. The allegations in paragraph 76 purport to characterize the cited comment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the comment's plaining language and meaning are denied.

77. The allegations in paragraph 77 purport to characterize the cited comment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the comment's plaining language and meaning are denied.

78. The Center lacks information or knowledge sufficient to form a belief regarding the allegations in paragraph 78 and therefore denies them.

79. The allegations in paragraph 79 purport to characterize the cited comment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the comment's plaining language and meaning are denied.

80. The allegations in paragraph 80 purport to characterize the cited comment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the comment's plaining language and meaning are denied.

81. The allegations in paragraph 81 purport to characterize the cited comment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the comment's plaining language and meaning are denied.

82. The allegations in paragraph 82 purport to characterize the cited comment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the comment's plaining language and meaning are denied.

83. The allegations in paragraph 83 purport to characterize the cited comment, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the comment's plaining language and meaning are denied.

84. The Center lacks knowledge or information sufficient to form a belief regarding the allegations preceding the comma in the first sentence of paragraph 84 and therefore denies. The remaining allegations in paragraph 84 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plaining language and meaning are denied.

85. The allegations in paragraph 85 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plaining language and meaning are denied.

86. The allegations in paragraph 86 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plaining language and meaning are denied.

87. The allegations in paragraph 87 purport to characterize the federal register document cited in paragraph 86, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plaining

language and meaning are denied.

88. The allegations in paragraph 88 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plaining language and meaning are denied.

89. The allegations in paragraph 89 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plaining language and meaning are denied.

90. The allegations in paragraph 90 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the document's plaining language and meaning are denied.

91. The Center incorporates by reference all preceding paragraphs.

92. The Center lacks information or knowledge sufficient to form a belief regarding the factual allegations of harm in paragraph 92 and therefore denies them. The remaining allegations in paragraph 92 are conclusions of law to which no response is required.

93. The allegations in the first and fourth sentences of paragraph 93 are vague and conclusory and the Center denies them on these grounds. The allegations

in the second and third sentences purport to characterize the cited regulation and federal document, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning and language are denied. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in the fifth sentence and therefore denies. The allegations in the sixth sentence constitute conclusions of law to which no response is required.

94. The Center lacks information or knowledge sufficient to form a belief regarding the allegations in the first sentence of paragraph 94 describing RMEF and PERC's conservation activities and therefore denies them. The remaining allegations in the first and second sentences purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning or language are denied. The allegations in the third sentence are conclusions of law to which no response is required.

95. The allegations in the first sentence of paragraph 95 are vague and conclusory and the Center denies them on these grounds. The allegations in the second sentence purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in the third sentence and therefore denies. The allegations in the fourth sentence purport to characterize

the cited journal article, which speaks for itself and is the best evidence of its contents. The Center lacks knowledge or information sufficient to form a belief regarding the factual allegations in the fifth sentence and therefore denies. The allegation of what constitutes a "legally cognizable injury" in the fifth sentence is a legal conclusion to which no response is required.

96. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in the first, second, fourth, and fifth sentences of paragraph 96 and therefore denies. The allegations in the third and fifth sentences constitute legal conclusions to which no response is required.

97. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in the first sentence of paragraph 97 and therefore denies. The allegations in the second sentence constitute legal conclusions to which no response is required.

98. The Center lacks knowledge or information sufficient to form a belief regarding the allegations in the first, second, and third sentences of paragraph 98 and therefore denies. The allegations in the fourth sentence constitute legal conclusions to which no response is required.

99. The allegations in the first sentence of paragraph 99 are vague and conclusory and the Center denies them on these grounds. The Center lacks knowledge or information sufficient to form a belief regarding the allegations of the

Service's general plans in the second sentence. The remaining allegations purport to characterize the cited legal documents, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

100. The allegations in paragraph 100 are conclusions of law to which no response is required.

101. The Centers lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 101 that "Defendants will continue to enforce the Blanket Rule." The remaining allegations are conclusions of law to which no response is required.

102. The allegations in paragraph 102 are conclusions of law to which no response is required.

103. The conclusions in paragraph 103 are conclusions of law to which no response is required.

104. The conclusions in paragraph 104 are conclusions of law to which no response is required.

105. The Center incorporates by reference all preceding paragraphs.

106. The allegations in paragraph 106 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

107. The allegations in paragraph 107 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

108. The allegations in paragraph 108 are vague and conclusory and the Center denies them on these grounds.

109. The allegations in the first sentence of paragraph 109 characterize Plaintiffs' lawsuit and therefore do not require a response. The allegations in the second sentence purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

110. The allegations in paragraph 110 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

111. The allegations in paragraph 111 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

112. The allegations in paragraph 112 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

113. The allegations in paragraph 113 purport to characterize the ESA,

which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

114. The allegations in the first sentence of paragraph 114 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the second sentence are conclusions of law to which no response is required.

115. The Center incorporates by reference all preceding paragraphs.

116. The allegations in paragraph 116 purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

117. The allegations in paragraph 117 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

118. The allegations in paragraph 118 purport to characterize the federal register document cited in paragraph 117, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the last clause of paragraph 118 constitute a conclusion of law to which no response is required.

119. The allegations in the first sentence of paragraph 119 purport to

characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the second, third, and fourth sentences constitute conclusions of law to which no response is required. The allegations in the second, third, and fourth sentences also purport to characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

120. The allegations in the first sentence of paragraph 120 purport to characterize the cited federal register document, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The Center lacks information or knowledge sufficient to form a belief regarding the allegations in the second sentence describing the Service's and NMFS's practices and therefore denies. The remaining allegations in the second sentence are conclusions of law to which no response is required. The allegations in the third, fourth, and fifth sentences are vague and conclusory and the Center denies on these grounds. To the extent the allegations in this paragraph purport to characterize the ESA and the Blanket Rule, these documents speak for themselves and are the best evidence of its contents. Any allegations contrary to their plain language and meaning are denied.

121. The allegations in the first and third sentences of paragraph 121 appear

to purport to characterize the federal register document cited in paragraph 120, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The remaining allegations are conclusions of law to which no response is required.

122. The Center incorporates by reference all preceding paragraphs.

123. The allegations in paragraph 123 are conclusions of law to which no response is required.

124. The allegations in paragraph 124 and its subsections are conclusions of law to which no response is required. To the extent a response is required, the factual allegations in the subsections are vague and conclusory and the Center denies them on those grounds. The subsections also appear to refer to uncited federal register documents, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the documents' plain language and meaning are denied.

## PRAYER FOR RELIEF

The remaining allegations contained in the Complaint consist of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, the Center denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## GENERAL DENIAL

The Center denies any allegations of the Complaint, whether expressed or

implied, that are not expressly admitted or qualified in this Answer.

## AFFIRMATIVE DEFENSES

1. Plaintiffs lack standing to pursue their claims.

2. The Court lacks subject-matter jurisdiction over some or all of Plaintiffs' claims.

3. Plaintiffs have failed to state a claim upon which relief may be granted.

WHEREFORE, the Center respectfully requests that the Court dismiss the Complaint with prejudice, enter judgment in favor of Defendants, and grant such further relief as the Court deems just and proper.

DATED: June 16, 2025

Respectfully submitted,

*/s/ Kristine M. Akland*
Kristine M. Akland
Center for Biological Diversity
317 E. Spruce St.
Missoula, MT 59807
(406) 544-9863
kakland@biologicaldiversity.org

Lia Comerford (*Pro hac vice* forthcoming)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
(971) 717-6420
lcomerford@biologicaldiversity.org

Brian Segee (*Pro hac vice* forthcoming)
Center for Biological Diversity
226 W. Ojai Ave., Suite 101-442
Ojai, CA 93023
(805) 750-8852
bsegee@biologicaldiversity.org