ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

MICHAEL R. EITEL
Acting Assistant Chief
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (303) 241-7565
Email: Michael.Eitel@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROCKY MOUNTAIN ELK FOUNDATION, et al., <br><br> Plaintiffs <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, et al., <br><br> Defendants <br><br> and <br><br> DEFENDERS OF WILDLIFE, et al., <br><br> Defendant-Intervenors. | Case No. 25-cv-00029-DWM <br><br> **UNOPPOSED JOINT MOTION TO STAY THIS LITIGATION AND MEMORANDUM IN SUPPORT** |

1

Plaintiffs and Federal Defendants ("Parties") jointly move the Court to stay this litigation through October 31, 2026, based on the U.S. Fish and Wildlife Service's rulemaking to reconsider the same rule challenged here. The Parties have conferred with counsel for Defendant-Intervenors the Center for Biological Diversity and Defenders of Wildlife, who stated that they take no position on this motion. In support of this joint motion, the Parties state as follows:

1. Plaintiffs the Rocky Mountain Elk Foundation and Property and Environment Research Center filed this lawsuit on March 10, 2025, challenging the U.S. Fish and Wildlife Service's amendments to 50 C.F.R. §§ 17.31(a), 17.71(a), the "2024 Blanket Rule." *See* Final Rule: Endangered and Threatened Wildlife and Plants; Regulations Pertaining to Endangered and Threatened Wildlife and Plants, 89 Fed. Reg. 23919; *see also* Complaint (ECF 1). Federal Defendants answered on May 12, 2025 (ECF 16).

2. The challenged 2024 Blanket Rule addressed the Endangered Species Act (ESA or Act) prohibitions under Section 9(a), 16 U.S.C. § 1538(a), that apply to threatened species.

3. Generally, Section 9(a) prohibits "take" and activities with unlawfully taken endangered species of fish or wildlife, *Id.*

§ 1538(a)(1)(B)-(C); *id*. § 1532(19) ("The term "take" means to harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in any such conduct."). Section 9(a) prohibits certain other acts with endangered species of plants, *Id*. § 1538(a)(2)(B). And Section 9(a) also prohibits acts such as import, export, and certain activities in interstate or foreign commerce for endangered species of fish or wildlife or plants, 16 U.S.C. §§ 1538(a)(1)(A), (E)-(F); 1538(a)(2)(A), (C)-(D). Finally, Section 9 prohibits violating any regulation under the ESA pertaining to endangered or threatened species of fish or wildlife or plants. *Id*. §§ 1538(a)(1)(G); 1538(a)(2)(E).

4. In Section 4(d), Congress authorized the Service to extend Section 9(a)(1)-(2)'s prohibitions to threatened species. *Id*. § 1533(d).

5. In the 1970s, with some exceptions, the Service extended the Section 9(a) prohibitions, including the "take" prohibition for endangered fish or wildlife, to threatened species administered by the Service in blanket Section 4(d) rules that applied absent a species-specific 4(d) rule. *See, e.g.*, 40 Fed. Reg. 44411 (Sept. 26, 1975); 42 Fed. Reg. 32377 (June 24, 1977).

6. In 2019, FWS amended its regulations to remove the

3

blanket Section 4(d) rules at 50 C.F.R. §§ 17.31(a), 17.71(a), such that a species-specific 4(d) rule was required for each newly listed threatened species. 84 Fed. Reg. 44753 (Aug. 27, 2019).

7. In 2024, FWS issued the 2024 Blanket Rule, which Plaintiffs challenge here. That rule reinstated the blanket Section 4(d) rules at 50 C.F.R. §§ 17.31(a), 17.71(a), with modifications, while retaining the option to promulgate species-specific 4(d) rules. *See* 89 Fed. Reg. at 23919.

8. More recently, the Service has initiated a rulemaking process to reconsider the blanket Section 4(d) rules at 50 C.F.R. §§ 17.31(a), 17.71(a) for any newly listed threatened species and to consider returning to the approach under the 2019 rule. On that score, President Trump issued Executive Orders directing the Service to review its regulations. *See, e.g.*, 90 Fed. Reg. 8353 (EO 14154, § 3(c)); 90 Fed. Reg. 10583 (EO 14219, § 2(ii), (iii)). And the Secretary of the Interior ordered the Service to consider whether to "suspend, revise, or rescind" the 2024 Blanket Rule. *See* Secretarial Order 3418. Consistent with this direction, the Service has started drafting a proposed rule that reconsiders the 2024 Blanket Rule. *See* Declaration of Elizabeth Maclin. It intends to submit a proposed

rule to the Office of the Federal Register not later than October 31, 2025, and a final rule to the Office of the Federal Register not later than October 31, 2026. *Id.* ¶¶ 8-9.

9.  During this rulemaking, whenever the Service proposes or finalizes a new listing of a species as threatened, it will concurrently issue through rulemaking a species-specific 4(d) rule for the species, including any Section 9(a) prohibitions for that species. *See* Maclin Decl. ¶ 10. The Service expressly retained this "option to promulgate species-specific section 4(d) rules" in the 2024 Blanket Rule, 89 Fed. Reg. at 23919, and it commits to exercise that discretion now, Maclin Decl. ¶ 10.

10.  Considering this rulemaking and the Service's commitment to issuing species-specific 4(d) rules for threatened species, the Parties agree that a stay of litigation through the rulemaking process is warranted. The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A stay here will promote judicial efficiency by avoiding

5

potentially unnecessary litigation over the 2024 Blanket Rule. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (finding stays "pending resolution of independent proceedings which bear upon the case" can promote judicial efficiency and be "the fairest course for the parties"). The proposed stay also is of a finite duration, lasting only through the anticipated rulemaking process. And the stay will cause no hardship to the Parties. Plaintiffs and Defendants are jointly requesting a stay, which can be lifted upon a showing of good cause should unanticipated circumstances arise during the stay.

11. Nor will a stay harm Intervenors. Intervenors moved to intervene to oppose Plaintiffs' claims. So long as Plaintiffs' claims are stayed, Intervenors have no need to mount an opposition. Nor do Intervenors have a cognizable interest in precluding the Service from reconsidering its rules through notice and comment rulemaking. Finally, the Service will issue species-specific 4(d) rules for threatened species, in line with the ESA. *See* 16 U.S.C. § 1533(d).

All factors that the Court considers when evaluating a stay weigh strongly in favor of a stay of this litigation. For this reason,

the Parties respectfully request that the Court stay this case through October 31, 2026.

DATED: August 14, 2025          ADAM R.F. GUSTAFSON
                                Acting Assistant Attorney General
                                U.S. Department of Justice
                                Environment & Natural Resources
                                Division

                                /s/ Michael R. Eitel
                                MICHAEL R. EITEL
                                Acting Assistant Chief
                                U.S. Department of Justice
                                Environment & Natural Resources
                                Division
                                Wildlife & Marine Resources Section
                                999 18th Street
                                North Terrace, Suite 600
                                Denver, Colorado 80202
                                Tel: (303) 241-7565
                                Email: Michael.Eitel@usdoj.gov

                                *Counsel for Federal Defendants*

DATED: August 14, 2025          /s/ *Jonathan Wood*
                                JONATHAN WOOD
                                DYLAN P. SOARES (PHV)
                                Property and Environment Research
                                Center
                                2048 Analysis Dr., Ste. A
                                Bozeman, MT 59718
                                Telephone: 406-587-9591
                                Email: jonathan@perc.org
                                Email: dsoares@perc.org

                                *Counsel for Plaintiffs*

7

CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the attorneys of record.

*/s/ Michael R. Eitel*
MICHAEL R. EITEL
Senior Trial Attorney
U.S. Department of Justice
