ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

MICHAEL R. EITEL
Assistant Section Chief
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street, North Terrace, Suite 600
Denver, Colorado 80202
Tel: (303) 241-7565
Email: Michael.Eitel@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROCKY MOUNTAIN ELK FOUNDATION, et al., <br><br>       Plaintiffs <br><br>     v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, et al., <br><br>       Defendants <br><br> and <br><br> DEFENDERS OF WILDLIFE, et al., <br><br>       Defendant-Intervenors. | Case No. 25-cv-00029-BU-DWM <br><br> **FEDERAL DEFENDANTS' OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION TO LIFT THE STAY AND FILE A SUPPLEMENTAL PLEADING (ECF 42-43).** |

1

The U.S. Fish and Wildlife Service replaced and superseded the 2024 Rule that Plaintiffs challenge in this lawsuit. *See* Final Rule, 91 Fed. Reg. 45723 (July 21, 2026) ("2026 Rule"). Plaintiffs' claims are thus moot, and the Court must dismiss them. Even so, Defendant-Intervenor the Center for Biological Diversity asks the Court to take a different path—to lift the stay and grant leave to assert new claims against the 2026 Rule. But without jurisdiction over the underlying claims, the Court lacks jurisdiction to grant leave to file cross claims under Rule 13(g), re-align parties under Rule 24, or supplement pleadings under Rule 15(d). Rather than graft a new lawsuit onto a dead one, the Center's recourse is to file a new action in a proper forum. The Court therefore should deny the Center's motion. In further support, Federal Defendants state as follows:

1.      In 2019, the Service rescinded regulations that provided "blanket" protections to threatened species listed under the Endangered Species Act. 84 Fed. Reg. 44753 (Aug. 27, 2019). The Service then reinstated the blanket regulations, with modifications, in 2024. 89 Fed. Reg. 23919 (Apr. 5, 2024) ("2024 Rule").

2.      Plaintiffs filed this case in 2025, presenting a facial challenge to the 2024 Rule. *See* ECF 1. Federal Defendants answered, ECF 16, and the Center intervened as a defendant, ECF 24, 26. Because the Service initiated rulemaking to reconsider the 2024 Rule, ECF 39 ¶ 8, the Court stayed this case. ECF 40. The Center took no position on the motion to stay and therefore did not oppose it, ECF

39 at 2.[1] The Service recently completed the rulemaking to replace the 2024 Rule. *See* 91 Fed. Reg. 45723.

3.      Plaintiffs' challenge to the 2024 Rule is moot. Article III confines the judicial power to live controversies, and a case must remain live "at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (citation omitted). When the "regulation at issue is no longer in force ... the issue of the validity of the old regulation is moot." *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982). Here, Plaintiffs attacked the 2024 Rule and sought prospective relief. ECF 1 at 42. Since the 2026 Rule superseded that rule, any opinion on the 2024 Rule would be advisory, and the case is therefore moot. *See Am. Diabetes Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147, 1152 (9th Cir. 2019) (repeal and replacement of an old policy rendered challenge moot).

4.      No mootness exceptions apply. The "capable of repetition, yet evading review" exception is reserved for exceptional cases in which the challenged action evades review and is reasonably likely to recur. *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016). But a notice-and-comment rule—like the 2026 Rule—is not too fleeting to litigate, and it is "purely speculative" that the Service may one day reinstate the 2024 Rule. *Organic Trade*

---

[1] Citations are to the ECF-generated page number in the header.

*Ass'n v. USDA*, No. CV17-01875, 2026 WL 1224002, at \*7 (D.D.C. May 5, 2026) (rejecting arguments that the mootness exception applies to an agency's formal rescission of a rule).

5.    Nor does the voluntary cessation exception apply. A policy change completed through formal rulemaking is presumptively permanent, and the Service enjoys a presumption of regularity that it does not intend to return to the prior policy. *See Rosebrock v. Mathis*, 745 F.3d 963, 974 (9th Cir. 2014) (crediting this presumption when evaluating mootness effectuated by a change in policy). That the blanket rules have oscillated before does not change the result. The relevant question is whether the challenged conduct is reasonably likely to recur, not whether one can speculate that a future administration might revive it. *See Alaska v. U.S. Dep't of Agric.*, 17 F.4th 1224, 1229 (D.C. Cir. 2021) (declining to find a case live based on speculation "about future actions by policymakers").

6.    Because the case is moot, the Court must dismiss the case. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). That is, the Court's "only function remaining" is "announcing the fact [that the case is moot] and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Federal Defendants thus agree that the Court should lift the stay. But lifting the stay should lead to dismissal, not to new litigation.

7.      Against this backdrop, the Center errs in trying to assert a crossclaim, as the case does not present a live vehicle in which to raise a crossclaim. A crossclaim requires no independent jurisdictional basis because it is "ancillary" to the main claim. *Danner v. Himmelfarb*, 858 F.2d 515, 521–22 (9th Cir. 1988). But when the main claim is not within the court's jurisdiction—here, because it is moot—there is no ancillary jurisdiction to support a crossclaim. *See McDonald v. Oliver*, 642 F.2d 169, 172 (5th Cir. 1981) (dismissal of the underlying action extinguishes ancillary jurisdiction over a crossclaim). Nor can Rule 13(g) provide a legal basis for the Court to act when, as here, jurisdiction is lacking. Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts.").

8.      The Center's proposed crossclaim also fails because it does not independently satisfy Rule 13(g). A viable crossclaim reaches only a claim "aris[ing] out of the transaction or occurrence that is the subject matter of the original action." Fed. R. Civ. P. 13(g). "What matters is not the legal theory but the facts." *Mattel, Inc. v. MGA Ent., Inc.*, 705 F.3d 1108, 1110 (9th Cir. 2013) (construing similar requirements under the Federal Rules). And the facts for the 2026 Rule are different. The proposed crossclaims concern a different rule adopted two years after the 2024 Rule, based on a different rulemaking and factual record. The Center's claims against a superseding rule thus "present a new case" that should be brought "by a separate action." *In re Cigar Ass'n of Am.*, 812 F. App'x

128, 135 (4th Cir. 2020).

9.      The Center's own authorities cut against the assertion of a crossclaim. *Seattle Audubon Society v. Lyons*, 871 F. Supp. 1286, 1291 (W.D. Wash. 1994), allowed crossclaims to avoid "multiple suits" over the same challenges—a risk that cannot exist here because the challenge to the 2024 Rule is moot. Likewise, *Safari Club International v. Demientieff,* 227 F.R.D. 300, 301 (D. Alaska 2005), permitted crossclaims to serve judicial efficiency, as the court had resolved the original claims on the merits. Here, the Court has done nothing but stay the case. Because any challenges to the 2026 Rule will involve a new rule with a new record, the Center's assertions that inserting a crossclaim will foster judicial efficiency ring hollow.

10.     The Center's alternative proposal—realignment as a plaintiff to enable filing a supplemental complaint under Rule 15(d)—presents the same problems. Rule 15(d) supplements a live action; it cannot revive a moot one. Fed. R. Civ. P. 82. On similar facts, *Organic Trade* held that supplementation cannot be used in the way the Center requests—"to start from scratch under the same case caption." 2026 WL 1224002, at *9-10. Realignment of the Center to a plaintiff does not change the analysis. Realignment simply rearranges the parties around the "primary dispute." *Scotts Co. v. Seeds, Inc.*, 688 F.3d 1154, 1157 (9th Cir. 2012). But the primary dispute here is moot, and relabeling the Center a plaintiff cannot

create Article III jurisdiction where none exists.

11.     Realignment reveals a separate defect: venue. A plaintiff must establish venue as to each claim, *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979). In an action against a federal agency, venue lies only where a defendant resides, where a substantial part of the relevant events occurred, or where the plaintiff resides if no real property is involved, 28 U.S.C. § 1391(e)(1). Neither the Center nor Federal Defendants reside in Montana. ECF 10-1 ¶ 6 ("The Center is headquartered in Tucson, Arizona"). And the Center challenges a nationwide rulemaking whose operative facts occurred in Washington, D.C. *See* 91 Fed. Reg. at 45736 (signed by Washington, D.C. officials). Nor can the Center borrow venue from Plaintiffs' claims. Even if pendent venue is available, it would require at least one properly venued anchor claim. *See, e.g.*, *Rosebud Sioux Tribe v. Trump*, 428 F. Supp. 3d 282, 295 (D. Mont. 2019) ("venue proves proper as to all claims so long as venue is established for just one claim"). But the only claims in this District are moot.

In sum, allowing the Center to substitute a challenge to the 2026 Rule for Plaintiffs' claims would "effectively swap the current complaint for an entirely new complaint" and transform the case "into something entirely new." *Organic Trade*, 2026 WL 1224002, at *9 (citations omitted). This result is not appropriate here, where the Center seeks to piggyback on a moot case to bring claims in an

otherwise improper venue. The Court should deny the Center's motion and, moreover, dismiss this case as moot in accordance with Federal Rule of Civil Procedure 12(h)(3).

DATED: August 3, 2026                ADAM R.F. GUSTAFSON
                                     Principal Deputy Assistant Attorney General
                                     U.S. Department of Justice
                                     Environment & Natural Resources Division

                                     */s/ Michael R. Eitel*
                                     MICHAEL R. EITEL
                                     Assistant Section Chief
                                     U.S. Department of Justice
                                     Environment & Natural Resources Division
                                     Wildlife & Marine Resources Section
                                     999 18th Street
                                     North Terrace, Suite 600
                                     Denver, Colorado 80202
                                     Tel: (303) 241-7565
                                     Email: Michael.Eitel@usdoj.gov

                                     *Counsel for Federal Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the attorneys of record.

                                     */s/ Michael R. Eitel*
                                     MICHAEL R. EITEL
                                     U.S. Department of Justice