JONATHAN WOOD, MT Bar No. 67350062
Email: jonathan@perc.org
DYLAN P. SOARES, CO Bar No. 58720
Email: dsoares@perc.org
Property and Environment Research Center
2048 Analysis Dr., Ste. A
Bozeman, MT 59718
Telephone: 406-587-9591

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
BUTTE DIVISION

| | | |
|---|---|---|
| ROCKY MOUNTAIN ELK FOUNDATION and the PROPERTY AND ENVIRONMENT RESEARCH CENTER, | §<br>§<br>§<br>§<br>§ | No. 2:25-cv-29-DWM<br><br>**PLAINTIFFS' RESPONSE TO CENTER FOR BIOLOGICAL DIVERSITY'S MOTION TO** |
| Plaintiffs, | §<br>§<br>§<br>§ | **LIFT THE STAY AND FILE A SUPPLEMENTAL PLEADING AGAINST** |
| v. | §<br>§ | **FEDERAL DEFENDANTS** |
| U.S. DEPARTMENT OF THE INTERIOR and U.S. FISH AND WILDLIFE SERVICE, | §<br>§<br>§<br>§ | |
| Defendants, | §<br>§ | |

and                                    §
                                       §
DEFENDERS OF WILDLIFE                   §
and CENTER FOR                          §
BIOLOGICAL DIVERSITY,                   §
                                       §
        Defendant-                      §
        Intervenors.                    §

On July 21, the Center for Biological Diversity (CBD) moved to lift the stay and file a supplemental pleading against Federal Defendants challenging the rescission of the Blanket Rule. *See* Dkt. 42, 43. Plaintiffs do not oppose this motion if Plaintiffs are not prejudiced by the filing of the supplemental pleading. *See Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir. 1988). If the motion is granted, Plaintiffs request leave to file an answer or supplemental pleading in response to CBD's filings to defend the rescission of the Blanket Rule, including on the grounds that the Blanket Rule was unlawful for the reasons articulated in Plaintiffs' complaint. *See Seattle Audubon Soc'y v. Lyons*, 871 F. Supp. 1286, 1291 (W.D. Wash. 1994), *aff'd sub nom.*, *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401 (9th Cir. 1996) (granting defendants leave to file cross-claims and preemptively granting affected parties "leave to file answers and cross-claims as defendant-intervenors").

Federal Defendants oppose CBD's motion, arguing that the case is moot. *See* Dkt. 49. But a response to an unrelated motion is not the proper vehicle for seeking dismissal. *See* 5 Wright & Miller's Federal Practice & Procedure § 1191 n.2 (4th ed. 2026) (collecting cases holding that informal requests are not motions). An exception to this rule would

prejudice Plaintiffs here. Federal Defendants did not confer with Plaintiffs and Plaintiffs have less than two days to respond, instead of the twenty-one days Plaintiffs would have to respond if Federal Defendants had filed a proper motion under normal procedure. *See* D. Mont. R. 7.1(d)(1)(B)(i). In any event, the Court should not decide Federal Defendants' mootness arguments in this posture, but only after all parties have a full opportunity to brief the issue.

Contrary to Federal Defendants' bare-bones assertions in their response to CBD's motion, a mere administrative policy change does not necessarily moot a challenge like this one. Instead, under the voluntary cessation exception, a defendant bears a "heavy burden" to show that the challenged conduct "cannot be reasonably expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Serv., Inc.*, 528 U.S. 167, 170 (2000). Under that stringent standard, courts consider how equivocal the change was, how long it has been in place, and the procedural safeguards against reversal, among other factors. *See Am. Diabetes Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147, 1153–54 (9th Cir. 2019). Here, the Fish and Wildlife Service's (the Service) actions are equivocal. The Service initially disclaimed the Blanket Rule as unlawful, *see* 90 Fed. Reg. 52587, 52589

PLAINTIFFS' RESPONSE TO MOTION TO FILE A SUPPLEMENTAL PLEADING    4

(proposed Nov. 21, 2025), only to later backtrack and rescind the rule on policy grounds that the Service is free to reverse, *see* 91 Fed. Reg. 45723, 45730 (July 21, 2026), as it has already done three times in the last seven years, *see* 84 Fed. Reg. 44753 (Aug. 27, 2019); 89 Fed. Reg. 23919 (Apr. 5, 2024); 91 Fed. Reg. 45723. The rescission rule has been in place for only a few weeks, has already drawn a challenge, and will reportedly draw more. *See, e.g.*, Dkt. 43; Letter from Earthjustice to U.S. Dep't of the Interior and Fish and Wildlife Serv., *Notice of Violations of the Endangered Species Act: Blanket 4(d) Repeal Rule* (July 21, 2026), https://earthjustice.org/document/4d-noi. The lawsuits challenging the rescission mean that the Blanket Rule may be reinstated without any further agency process, and courts have rejected mootness in similar circumstances. *See Ohio v. U.S. Env't Prot. Agency*, 969 F.3d 306 (6th Cir. 2020).

DATED: August 4, 2026

Respectfully submitted,

/s/ Jonathan Wood

JONATHAN WOOD
MT Bar No. 67350062
Email: jonathan@perc.org
DYLAN P. SOARES
CO Bar No. 58720
Email: dsoares@perc.org
Property and Environment
Research Center
2048 Analysis Dr., Ste. A
Bozeman, MT 59718
Telephone: 406-587-9591

Attorneys for Plaintiffs

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing brief is 579 words, excluding the caption and certificates of compliance and service.

DATED: August 4, 2026

/s/ Jonathan Wood

JONATHAN WOOD
MT Bar No. 67350062
Email: jonathan@perc.org
Property and Environment
Research Center
2048 Analysis Dr., Ste. A
Bozeman, MT 59718
Telephone: 406-587-9591

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

DATED: August 4, 2026

/s/ Jonathan Wood

JONATHAN WOOD
MT Bar No. 67350062
Email: jonathan@perc.org
Property and Environment
Research Center
2048 Analysis Dr., Ste. A
Bozeman, MT 59718
Telephone: 406-587-9591