Lia Comerford (PHV)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
(971) 717-6420
lcomerford@biologicaldiversity.org

Kristine M. Akland
Center for Biological Diversity
317 E. Spruce St.
Missoula, MT 59802
(406) 544-9863
kakland@biologicaldiversity.org

*Counsel for Defendant-Intervenor and Proposed Cross-claimant Center for Biological Diversity*

*Additional Attorneys on Signature Page*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROCKY MOUNTAIN ELK FOUNDATION, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF INTERIOR, et al.,<br><br>*Defendants*,<br><br>and | Case No. 2:25-cv-00029-DWM<br><br>**REPLY IN SUPPORT OF THE CENTER FOR BIOLOGICAL DIVERSITY'S MOTION TO LIFT THE STAY AND FILE A SUPPLEMENTAL PLEADING AGAINST FEDERAL DEFENDANTS** |

DEFENDERS OF WILDLIFE and CENTER FOR BIOLOGICAL DIVERSITY,

*Defendant-Intervenors*.

CENTER FOR BIOLOGICAL DIVERSITY,

Proposed Cross-Claimant,

v.

U.S. DEPARTMENT OF THE INTERIOR and U.S. FISH AND WILDLIFE SERVICE,

Proposed Crossclaim-Defendants.

## INTRODUCTION

Plaintiffs' pending claims and Defendant-Intervenor the Center for Biological Diversity's ("the Center's") proposed supplemental claims present a live controversy over Federal-Defendants' obligation to conserve threatened species pursuant to section 4(d) of the Endangered Species Act ("ESA"). 16 U.S.C. § 1533(d). In light of Federal-Defendants' current practice of rescinding and then reinstating the blanket 4(d) rules depending on the existing administration and its position on ESA protections, addressing these claims together would enable these issues to be resolved holistically in the venue chosen by Plaintiffs that is replete with threatened species needing ESA protections and individuals who enjoy them

while promoting judicial efficiency and minimizing procedural steps and the need for multiple lawsuits. This Court has broad discretion to grant motions to file supplemental pleadings under Federal Rule of Civil Procedure 15 and to realign the parties should it so choose. The Center respectfully requests that the Court grant its motion and set a schedule for the filing of the supplemental pleading of the Court's choosing and for the opposing parties' responses to that pleading.

## ARGUMENT

This Court has broad discretion in deciding to lift the stay and permit the filing of a supplemental pleading. *Pengelly v. Zimmerman*, No. CV 19-10-M-DLC, 2020 WL 8474860, at *2 (D. Mont. Dec. 1, 2020) (Christensen, J.); *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). Neither of the responses to the Center's motion raise arguments that warrant its denial. Plaintiffs do not oppose the Center's motion and point to no prejudice provided that the Court grants them the opportunity to respond to the supplemental pleading. The Center does not oppose this reasonable request. *See* Fed. R. Civ. P. 15(d) (stating "[t]he court may order that the opposing party plead to the supplemental pleading within a specified time").[1]

Federal Defendants, for their part, likewise do not argue that they would be prejudiced if the Court grants the Center's motion, but argue that the Court should

[1] All Parties appear to agree that the Court should lift the stay in this case.

deny the Center's motion because Plaintiffs' case is moot.[2] However, Federal Defendants have failed to, and cannot, meet their "heavy burden" of proving mootness. *See Wildwest Inst. v. Kurth*, 855 F.3d 995, 1002 (9th Cir. 2017) ("'The Party asserting mootness bears a 'heavy' burden; a case is not moot if *any* effective relief may be granted.'" (quoting *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006 (9th Cir. 2012)) (emphasis in original)). The court can still issue effective declaratory relief to address the central issues in this case despite Federal Defendants' rescission of the blanket 4(d) rules—a point on which Plaintiffs agree. *See* Pls.' Resp. 3, ECF No. 52 (noting that in a responsive pleading to the Center's crossclaims, Plaintiffs' defense to the rescission of the blanket rules would include the same grounds raised in their Complaint). Furthermore, the government's conduct fits well within two exceptions to the mootness doctrine. But even if the Court were to consider Plaintiffs' claims moot, the proposed supplemental pleading merges with the original pleading, presenting a ripe controversy, and venue is well placed in this Court given the relevant species and existing and proposed parties located here. For all these reasons, the Court should grant the Center's motion.

## I. This Matter Presents A Live Controversy.

First, the Court can still provide relief in this case. *See Nat. Res. Def.*

---

[2] Plaintiffs raise procedural objections to Federal Defendants' mootness arguments and the Center does not oppose Plaintiffs having the opportunity to address Federal Defendants' claims of mootness more fully.

*Council v. Jewell*, 749 F.3d 776, 782 (9th Cir. 2014) (finding that a challenge to an agency's failure to consult on contracts was not mooted by the issuance of a biological opinion because relief could still be afforded to the plaintiffs in the form of holistic consultations and re-negotiated contracts). At their core, the pending and proposed supplemental claims share the common question of the best reading of section 4(d) of the ESA under *Loper Bright*. Thus, resolving these issues would provide effective declaratory relief to both Plaintiffs and the Center and benefit conservation and regulatory consistency by ending the Service's flip-flopping in its implementation of section 4(d) of the ESA. *See Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964 (9th Cir. 2007) (noting that the Ninth Circuit has held that where "both injunctive and declaratory relief are sought but the request for injunctive relief is rendered moot, the case is not moot if declaratory relief would nevertheless provide meaningful relief"); *see also Ohio v. U.S. Env't Prot. Agency*, 969 F.3d 306, 307, 310 (6th Cir. 2020) (finding a challenge to a rule repealed and replaced with another rule not moot given the "fair prospect that the conduct will recur in the foreseeable future").

Additionally, the proposed supplemental claims directly implicate the pending claims because the Center seeks vacatur of the regulatory provisions rescinding the blanket 4(d) rules. Proposed Suppl. Pleading 33, ECF No. 42-1. The well-established practice in this circuit, and others, is that "'[t]he effect of

invalidating an agency rule is to reinstate the rule previously in force.'" *Nat'l Urban League v. Ross*, 977 F.3d 770, 780 (9th Cir. 2020) (quoting *Organized Vill. of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 970 (9th Cir. 2015) (en banc)). Should the Court grant the Center its requested relief, it would reinstate the blanket 4(d) rules currently at issue in this case. But the declaratory relief sought by Plaintiffs—that the Service violated the ESA in issuing the Blanket Rule, Compl. 42, ¶ 1, ECF No. 1—may offer them relief against that outcome. Thus, contrary to Federal Defendants' arguments, because "any effective relief may be granted," this case is not moot. *Wildwest Inst*, 855 F.3d at 1002.

Second, the government's conduct here implicates two mootness exceptions. Under the voluntary cessation exception, "when the Government asserts mootness based on [a policy] change it still must bear the heavy burden of showing that the challenged conduct cannot reasonably be expected to start up again." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014). While *Rosebrock* was addressing non-regulatory changes, given the Service's well-established pattern of rescinding and reinstating the blanket 4(d) rules with each change in administration while seeking remands and stays to avoid litigation of these issues, the Service cannot meet its heavy burden of establishing mootness here. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189–90 (2000) (noting the "well settled" law that "a defendant's voluntary cessation of a challenged practice does

not deprive a federal court of its power to determine the legality of the practice" unless it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur") (internal citation omitted). Indeed, the fact the Service has an established practice of adopting contrary rules implementing section 4 of the ESA depending on the current administration rebuts any presumption of regularity or good faith as it is reasonable to expect reenactment. *See Bd. of Trs. of the Glazing Health & Welfare Tr. v. Chambers,* 941 F.3d 1195, 1199 (9th Cir. 2019) (explaining that while good faith on the part of government in enacting legislative changes is assumed, mootness resulting from voluntary cessation of the previous legislative act can still be rebutted by "a reasonable expectation" that reenactment may occur based on the record before the court); *accord* Pls.' Resp. 4–5, ECF No. 52. Even under the case law cited by Federal Defendants from out of circuit, the voluntary cessation exception applies because the Service cited this litigation as one of its grounds for rescinding the blanket 4(d) rules, U.S. Fish and Wildlife Service, Regulations Pertaining to Endangered and Threatened Wildlife and Plants, 90 Fed. Reg. 52587, 52588 (Nov. 21, 2025), and then voluntarily rescinded those rules, U.S. Fish and Wildlife Service, Regulations Pertaining to Endangered and Threatened Wildlife and Plants, 91 Fed. Reg. 45723, 45724 (July 21, 2026). *See Alaska v. U.S. Dep't of Agric.*, 17 F.4th 1224, 1229–30 (D.C. Cir. 2021) (tying the voluntary cessation doctrine in D.C. in the rulemaking context to when the agency

acted "'in order to avoid litigation'") (internal citation omitted).

Likewise, despite the Service altering its policies through notice and comment rulemaking, its history of rescinding, reinstating, and then rescinding the blanket 4(d) rules over eight years depending on the current administration also implicates the capable of repetition yet evading review exception to mootness. *See Greenpeace Action v. Franklin*, 14 F.3d 1324, 1329 (9th Cir. 1992) ("Government actions [are capable of repetition yet evading review] if (1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again"). Both the pattern of rule rescission and reinstatement and the inadequate time for review are well established. Nor is it speculative that the blanket rules could be reinstated, since that is the relief the Center seeks. Thus, sufficient grounds are present to find a live controversy between the parties and a need for resolution of the issues presented by the current and proposed supplemental claims in this case. *See also id.* at 1330 (in context of finding action not moot, noting that there is a "continuing public interest in determining the standards governing the Secretary's decision").

**II. Venue Is Appropriate In This Court.**

Federal Defendants' venue argument is similarly meritless. Because Plaintiffs' claims are still live, venue over the Center's proposed supplemental claims is properly vested in this court. *See* 6 Fed. Prac. & Proc. Civ. § 1433 (3d

ed.) (stating that "[t]he federal courts seem to agree that once a crossclaim has been asserted under Rule 13(g) and is brought within the supplemental jurisdiction of the court, objections based on a lack of venue cannot be raised"); *see also* Proposed Suppl. Pleading ¶ 8, ECF No. 42-1.

Further, given that supplemental pleadings merge with the then-operative pleadings under Rule 15, even if Federal Defendants "had mooted Plaintiffs' original claims"—which is contested—the supplemental claims present a ripe controversy. *See Sweet v. Cardona*, 121 F.4th 32, 47 (9th Cir. 2024) (finding that even if Plaintiffs' original claims were mooted by Defendant's actions, those actions did not moot Plaintiffs' supplemental claims); *see also* Fed. R. Civ. P. 15(d) (stating "[t]he court may permit supplementation even though the original pleading is defective in stating a claim or defense"). Indeed, this Court has discretion to allow the proposed supplemental claims to proceed even if it finds jurisdiction lacking over Plaintiffs' claims because the Court has an independent basis for jurisdiction over the crossclaims. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (finding that the district court lacked jurisdiction over the original interpleader action but allowing a crossclaim to proceed, explaining that "[i]n this circuit, we 'recognize that a District Court generally may adjudicate a counterclaim having an independent basis for federal jurisdiction despite the dismissal of plaintiff's action for lack of subject matter jurisdiction'"

(quoting *Boynton v. United States*, 566 F.2d 50, 52 (9th Cir. 1977))); *see also* Proposed Suppl. Pleading ¶ 5, ECF No. 42-1 (citing 28 U.S.C. § 1331 (federal question) as a basis for the Court's jurisdiction).

Venue in this district to resolve these claims is appropriate because the Center's proposed claims are against U.S. agencies, the Center has an office and members in this District, and many of the consequences of Federal Defendants' violations of the law giving rise to the crossclaims are occurring or will occur in this district. *See* 28 U.S.C. § 1391(e)(1) (stating that civil actions against agencies of the United States may be brought in any judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred"); *see also* Proposed Suppl. Pleading ¶ 7, ECF No. 42-1 (discussing 28 U.S.C. § 1391(e)(1)).

Moreover, as the Center noted in its proposed supplemental pleading, Federal Defendants' rule implicates numerous species found in Montana that are listed as threatened under the ESA or that might be listed in the future. *Id*. ¶¶ 75–76. In cases challenging federal agency actions related to or that otherwise impact listed species, courts have found venue proper where the species is located. *See Desert Survivors v. U.S. Dep't of the Interior*, No. 16-cv-01165-JCS, 2016 WL 3844332, at *6 (C.D. Cal. July 15, 2016) (explaining that in cases challenging agency actions impacting imperiled species, "courts have found that a 'substantial part' of the events giving rise to a claim could be found where the protected species

is located or where past litigation and agency action relating to the issue occurred"); *cf. Sierra Forest Legacy v. U.S. Fish & Wildlife Serv.*, No. 20-cv-05800-BLF, 2021 WL 2354852, at *4–5, 8 (N.D. Cal. June 9, 2021) (in case challenging ESA listing decision, denying motion to transfer venue and finding the existing forum had the requisite interest because the Center had an office and members who resided in the forum who were concerned about the species and that operative facts occurred in the forum because a small but high-risk percentage of the species was found there). The fact that venue may also be proper in other districts does not mean that venue is not proper in this district. *See W. Org. of Res. Councils v. U.S. Bureau of Land Mgmt.*, No. 16-GF-BMM, 2017 WL 374705, at *1, 4 (D. Mont. Jan. 24, 2017) (Morris, J.) (finding venue in Montana proper for claims challenging plans for BLM field offices in Montana and Wyoming, and rejecting argument to transfer claims against the Wyoming plan to that district, noting that "[m]ultiple proper venues may exist" and "[n]o requirement exists that the chosen venue represents the best choice").

Regardless, if the Court grants the Center's motion, the Center intends to add a co-litigant who resides in the Butte division of Montana and whose interests in Montana species are injured by the rules at issue in the proposed supplement. This co-litigant will further solidify venue here. *See* 28 U.S.C. § 1391(e)(1) (stating that civil actions against U.S. agencies may be brought in any judicial

district where "the plaintiff resides if no real property is involved in the action").[3]

## CONCLUSION

For all the reasons in the record before the Court, the Center requests that the Court grant its Motion and set a schedule for the lodging of the supplemental pleading of the Court's choosing and the opposing parties' responses thereto.

Respectfully submitted this 17th day of August, 2026.

/s/ *Lia Comerford*
LIA COMERFORD (PHV)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
Telephone: 971-717-6420
lcomerford@biologicaldiversity.org

TANYA SANERIB (PHV)
Center for Biological Diversity
1025 1/2 Lomas Blvd NW
Albuquerque, NM 87102
Phone: (206) 379-7363
tsanerib@biologicaldiversity.org

BRIAN SEGEE (PHV)
Center for Biological Diversity
226 W. Ojai Ave., Suite 101-442
Ojai, CA 93023
Telephone: 805-750-8852
bsegee@biologicaldiversity.org

[3] The Center believes the Court can and should exercise its discretion to allow the Center's supplemental crossclaims absent this individual but would be happy to lodge an updated proposed supplemental pleading that includes their co-litigant if that would aid in the resolution of the Center's pending motion to supplement.

KRISTINE M. AKLAND
Center for Biological Diversity
317 E. Spruce St.
Missoula, MT 59802
Telephone: 406-544-9863
kakland@biologicaldiversity.org

*Counsel for Defendant-Intervenor and Proposed Cross-claimant Center for Biological Diversity*

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the foregoing brief is 2,470 words, excluding the caption, signature blocks, and certificate of compliance.

Dated this 17th day of August, 2026.

/s/ *Lia Comerford*

LIA COMERFORD (PHV)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
Telephone: 971-717-6420
lcomerford@biologicaldiversity.org